SHORTESS, Judge.
In 1981, the Mayor and Council of Morgan City and St. Mary Parish Police Jury (plaintiffs) sought to enjoin the Ascension Parish Police Jury, Assumption Parish Police Jury, Iberville Parish Police Jury, Lower Delta Soil and Water Conservation Committee, and Louisiana Department of Transportation and Development, Office of Public Works (defendants) and to stop the work on the Lake Yerret Watershed Project. The trial court issued an injunction, and that judgment was affirmed on appeal. Mayor and Council of Morgan City v. Ascension Parish Police Jury, 468 So.2d 1291 (La.App. 1st Cir.1985). Plaintiffs then filed a motion to fix attorney fees, expert witness fees and court costs. The trial court rendered judgment in plaintiffs’ favor, awarding them $14,760.30 in expert witness fees, $10,000.00 in attorney fees, and $3,348.39 in court costs. Defendants’ appeal of the latter judgment is now before this court.
Defendants argue that the award of attorney and expert witness fees was error because, in the injunction suit, the trial court found a violation of LSA-R.S. 56:1435.[1] They reason that Title 56 contains no provision for an award of such fees; therefore the court below erred in granting that award. Plaintiffs contend that their motion for fees was based on and *775 specifically mentions LSA-R.S. 30:1074[2] and that the violation of which defendants were guilty was not simply their failure to follow notice requirements but rather their actually undertaking operations through 1981 on a project that had an improperly obtained certificate.
EXPERT WITNESS FEES
We affirm the trial court’s award of expert witness fees, but we find the authority for this award not in Title 30 but in LSA-R.S. 13:3666, which permits a court to tax as costs reasonable compensation for an expert witness.[3] Missouri Pacific Railroad Co. v. Nicholson, 460 So.2d 615 (La. App. 1st Cir.1984); writ denied 462 So.2d 185 (La.1985), see also, LSA-C.C.P. art. 1920. The trial court’s award was considerably lower than amounts claimed by plaintiffs. The court noted more than once its concern that the work performed by and at the direction of experts be related to actual testimony. Our review of the record indicates that the court did not abuse its discretion in fixing this award.
ATTORNEY FEES
A brief chronology explains why plaintiffs seek to establish a violation continuing into 1981. Until January 1, 1980, the law governing the facts of this case was found in Title 56 of our Revised Statutes. Defendants obtained the required certification, permitting them to begin the project, from the Stream Control Commission on October 13, 1978, and notice of that certification was published in the Baton Rouge State-Times, the official journal of the State, on October 30, 1978. This court agreed with the trial court’s finding that such notice was inadequate as it did not include publication in affected parishes as LSA-R.S. 56:1435 prescribed. On January 1, 1980, the Louisiana Environmental Quality Act (LSA-R.S. 30:1051, et seq.) became effective, repealing the relevant sections of Title 56, including Section 1435. The new law provided for the award of attorney and expert witness fees to a prevailing party. LSA-R.S. 30:1074. Thus plaintiffs conclude that there was a “continuing violation” which occurred not only when Title 56 was in force but also when Title 30 was the applicable law, allowing them to benefit from the statute allowing the award of attorney fees.
In its reasons for judgment in the injunction suit, the trial court makes clear that it issued the injunction because the publication did not fulfill the requirements of LSA-R.S. 56:1435:
[T]he Commission did not comply with the statutory mandate regarding publication of its orders in this instance. No publication was made in either of the three parishes affected....
It follows that the action of the Commission was in violation of express statutory provisions governing promulgation of the Commission’s orders.
[[Image here]]
In view of the foregoing, the Court concludes that the certification in question is null, void and of no effect for lack of due process, namely, failure to publish the Commission’s order as required by law.
*776 Having won an injunction because the publication by the Stream Control Commission did not comply with the demands of LSA-R.S. 56:1435, plaintiffs now seek to recover attorney fees under LSA-R.S. 30:1074. That statute allows such an award when a court issues “any final order in any action brought pursuant to this Section.” An action may be brought by an interested person who alleges actions “in violation of this Chapter [Chapter 11] or of the regulations promulgated hereunder.” LSA-R.S. 30:1074. (Emphasis supplied.) The trial court did not find a violation of Title 30, Chapter 11. Plaintiffs have not obtained a “final order” from a court recognizing a “violation of this chapter [Chapter 11 of Title 30].” LSA-R.S. 30:1074. They are, therefore, not entitled to recover attorney fees under LSA-R.S. 30:1074.
We reach this conclusion despite plaintiffs’ allegations of a violation continuing into the time when Title 30 was effective. Plaintiffs argue in brief that their petition in the injunction suit asked for relief because of alleged violations of Title 30. That petition has not been made part of the record in this appeal, but, assuming that plaintiffs did invoke Title 30 in their petition seeking the injunction, we still cannot say that the award of fees is appropriate. Whatever the basis for plaintiffs’ allegations, the trial court found no violation of Title 30. It applied the law applicable at the time the certificate was issued, LSA-R.S. 56:1435, and ruled that defendants had not complied with that statute. It is irrelevant whether there was the “continuing violation” into 1981 which plaintiffs envision, for the court did not issue a final order predicated on an alleged violation of any provision of Title 30.
We note that Title 56 and Title 30 have differing requirements for notice. LSA-R.S. 56:1435 required publication in both the official journal of the State and in “the official journal of the parishes affected.” LSA-R.S. 30:1094 A(3) provides in pertinent part:
[O]ne notice of each application for a certification under this Paragraph must either be published in the official journal of the state or issued as a joint notice by the affected federal agency. In the event the assistant secretary determines that there is significant public interest in the proposed activity, he may cause notice to be published in a newspaper of general circulation in the affected area.
(Emphasis supplied.)
The publication in the official journal of the State alone would have satisfied the demands of LSA-R.S. 30:1094 A(3). Plaintiffs argue that the power given to the assistant secretary creates a Title 30 requirement of publication in the affected parishes. We reject this argument because plaintiffs have neither alleged nor proved that the assistant secretary would have made the requisite determination and because the Legislature’s use of “may” indicates that such publication is not a mandatory precondition to a proper certification. The publication procedure actually used in this case would not be in violation of the Title 30 requirements. We believe it particularly inappropriate to award attorney fees as provided by Title 30 when the facts reveal no violation of Title 30.
The judgment here appealed held defendants liable for attorney fees, expert witness fees, and court costs. We affirm the awards for expert witness fees and court costs. We reverse the award for attorney fees and render judgment in defendants’ favor dismissing plaintiffs’ claim for attorney fees. Costs of this appeal in the amount of $2,519.65 are taxed to defendants.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.

. LSA-R.S. 56:1435, before its repeal, provided as follows:
The Commission may make and promulgate such rules and regulations and conduct such investigations as it deems necessary to carry out the provisions of this Part.
Rules, regulations, determinations, and orders of the commission shall be promulgated by publication in one issue of a newspaper designated as the official journal of the parishes affected and in one issue of the official journal of the state. In the discretion of the commission, any such promulgation by publication may be confined to publication in one issue of the official journal of the state and actual notice to parties affected, or, in cases where the rules, regulations, determinations and orders are applicable and of interest only to the parties affected, confined to such actual notice without publication.

. LSA-R.S. 30:1074, in pertinent part, provides as follows:
(1) Except as provided in Subsection (2) of this Section, any person having an interest, which is or may be adversely affected, may commence a civil action on his own behalf against any person whom he alleges to be in violation of this Chapter or of the regulations promulgated hereunder. The action must be brought either in the district court in the parish in which the violation or alleged violation occurs or in the district court of the domicile of the alleged violator, and shall be afforded preferential hearing by the court.
[[Image here]]
The court in issuing any final order in any action brought pursuant to this Section, may award costs of court including reasonable attorneys and expert witness fees to the prevailing party.

. LSA-R.S. 13:3666 provides in pertinent part as follows:
A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.